# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA S. ALVARADO, a minor, by and through her Guardian Ad Litem, LORENA ALVARADO, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>UNITED STATES OF AMERICA, <br><br>　　　　　Defendant. | 1:06cv01381 OWW DLB <br><br> FINDINGS AND RECOMMENDATION REGARDING MOTION FOR APPROVAL OF MINOR'S COMPROMISE <br><br>(Document 179) |

Petitioner Lorena Alvarado filed the instant motion for approval of minor's compromise on January 21, 2010. The motion was heard on February 19, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Steven Brewer appeared on behalf of Petitioner Lorena Alvarado. Lorena S. Alvarado, the minor Plaintiff, also appeared. Jeffrey Lodge appeared on behalf of Defendant United States of America.

## BACKGROUND

Plaintiff Lorena S. Alvarado, also referred to as Stephany, is the sole minor in this action. She is 15 years old and brings this action through her Guardian ad Litem, Lorena Alvarado.

Plaintiff filed the instant medical malpractice action under the Federal Tort Claims Act on October 3, 2006. She filed an amended complaint on February 2, 2007, naming the United States as Defendant. Her claims are based on her treatment at the Darin M. Camarena Health Centers, Inc., a federally supported health center in Madera.

1

Specifically, Plaintiff alleges that she was treated at the Camarena Clinic from October 14, 2004, through October 22, 2004, with clear signs of appendicitis. She alleges that she was negligently and carelessly evaluated, examined, diagnosed and treated for cystitis. Plaintiff eventually received treatment at Children's Hospital of Central California ("CHCC") and developed multiple complications, including persistent abscess, pelvic scarring, Gentamicin toxicity, renal failure, hypertension and permanent hearing loss.

On May 22, 2008, the United States filed a Third Party Complaint against CHCC, John E. Dinsmore, M.D., David Hodge, M.D., and Jill Ghanbarian, FNP. The United States alleges that Plaintiff was a CHCC patient from October 22, 2004, through at least December 5, 2004. The United States alleges that Third Party Defendants acted below the standard of care by failing to perform an emergency surgical appendectomy, failing to properly prescribe, administer and monitor antibiotics, including Gentamicin, and failing to diagnose and treat Gentamicin poisoning.

On December 21, 2009, after the parties filed and responded to numerous motions in limine for a January 5, 2010, trial, the parties filed a notice of settlement.

Petitioner Lorena Alvarado filed the instant petition for approval of minor's compromise on January 23, 2010. She seeks approval for a settlement payment of $389,999.[1] Petitioner further requests that costs in the amount of $92,266.10 be deducted and that attorneys' fees, which are limited to 25 percent under 28 U.S.C. section 2678, be deduced from the remaining amount. After deducting $92,266.10 in costs and $74,433.23 in attorneys' fees, Plaintiff would receive a total of $223,299.67 in settlement proceeds.

## **DISCUSSION**

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
> . . .

---

[1] $300,000 will be paid by the United States of America, $60,000 will be paid by CHCC, and $29,999 will be paid by Dr. Dinsmore. Dr. Hodge is not contributing anything monetarily toward settlement but will receive a dismissal from the government for a waiver of costs.

2

(2) . . . The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) Payment of Judgment. Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor incompetent person.

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement." Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 15:138 (2009). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601.

The present petition includes the information required by this Court's Local Rule 202(b)(2) and (c) to address the details of the proposed compromise. Petitioner represents that she has made a careful investigation as to the responsibility for and the nature and extent of the minor's damages. Petitioner understands that compromise will forever bar and prevent Plaintiff from seeking further recovery of compensation from the Defendants.

Petitioner contends that Camarena Health Center is solely responsible for Plaintiff's injuries. Plaintiff's claims are subject to the MICRA limitations. Cal. Civ. Code § 3333.1. The United States and Third Party Defendants denied medical negligence and contended that (1) Plaintiff's claims for future medical and care expenses were substantially less than contended; and (2) Plaintiff would not suffer a loss of future earning capacity from her hearing loss and vestibular dysfunction.

Petitioner believes that this is a fair and reasonable settlement under the circumstances and that it is in the best interests of the minor Plaintiff. Petitioner has been advised and understands that this action will be terminated with a Release of all Claims and that a dismissal with prejudice will be filed upon fulfillment of the settlement terms. Plaintiff also indicated that she agreed with the proposed settlement.

Petitioner initially retained the law firm of Habbas, Amendola & Nasseri to pursue this action. The firm of Gwilliam, Ivary, Chiosso, Cavalli & Brewer associated with the Habbas firm to prosecute the action against the United States. Declaration of Steven J. Brewer ("Brewer Dec."),¶¶ 2, 3.

Petitioner states that the Gwilliam firm expended $71,930.22 in costs and that the Habbas firm expended $20,335.88 in costs, for a total of $92,266.10 in costs. The Third Party complaint made the case more complicated and expensive. The case proceeded through discovery, disclosure of expert reports and expert depositions, an unsuccessful mediation, an unsuccessful settlement conference, pre-trial conference and filing of pre-trial motions. Over 40 depositions were taken. Brewer Dec., ¶ 4.

Plaintiff's attorney states that this is the sole compensation for the settlement. Brewer Dec., ¶ 7. The Court finds the attorneys' fees to be reasonable.

After deducting costs from the total settlement, 25 percent of the remaining amount is $74,433.23. This leaves Plaintiff with $223,299.67.

Pursuant to Petitioner's proposal, the total net settlement shall be used to purchase a qualified settlement annuity. Plaintiff would receive five annual, guaranteed, tax free payments of

4

an estimated $49,083.10 beginning on her 18th birthday. The total sum of guaranteed payments is estimated at $245,415.50. Brewer Dec., ¶ 7.

## **CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS as follows:

1. The Request for Approval of Minor's Compromise be GRANTED;
2. Counsel is entitled to $92,266.10 in costs and $74,433.23 in attorneys' fees;
3. The remaining net settlement of $223,299.67 SHALL be used to purchase a qualified settlement annuity. Plaintiff will receive 5 annual, guaranteed, tax free payments of an estimated $49,083.10 beginning on her 18th birthday.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 302 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's 'Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated: February 22, 2010 /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE